UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BRIAN KOCH,
on behalf of himself and
all others similarly-situated,

     Plaintiff,       Case No.: 26-cv-1300

    v.         **JURY TRIAL DEMANDED**

DODGE COUNTY
127 East Oak Street
Juneau, Wisconsin 53039

     Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1.   This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and the Contract Work Hours and Safety Standards Act, 40 U.S.C. §§ 3701, *et seq.*, as amended (CWHSSA), by Plaintiff, Brian Koch, on behalf of himself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Dodge County, for purposes of obtaining relief under the FLSA and the CWHSSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.   Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by failing to compensate said employees: (1) with compensatory time (in lieu of

overtime compensation) at a rate of not less than one and one-half hours for each hour of work for which overtime compensation was due and owing, in violation of the FLSA; (2) for all pre-shift and post-shift hours worked and work performed on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction, resulting in overtime violations of the FLSA; and (3) with overtime compensation at rate of one and one-half times the regular rate of for all hours worked over 40 hours per workweek, in violation of the CWHSSA.

3. Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and the CWHSSA.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.* and the CWHSSA, 40 U.S.C. §§ 3701, *et seq.*, as amended.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

6. Plaintiff, Brian Koch, is an adult male resident of the State of Wisconsin.

7. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

8. Defendant, Dodge County, is an entity doing business in the State of Wisconsin with a principal office address of 127 East Oak Street, Juneau, Wisconsin 53039.

9. Defendant is a political subdivision of, and a local governmental entity in, the State of Wisconsin.

10. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d), (e), and (s).

11. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

12. During the relevant time periods as stated herein, Plaintiff was considered a "laborer" and/or "guard" as those terms are used in 40 U.S.C. §§ 3701, 3702, *et. seq*.

13. During the relevant time periods as stated herein, Defendant entered into contracts with the federal government – contracts whose value was in excess of $100,000 – for Plaintiff and other hourly-paid, non-exempt employees to provide services to federal inmates and detainees in Defendant's county jail.

14. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Correctional Officer at Defendant's county jail and at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge alongside other hourly-paid, non-exempt employees.

15. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendant at locations owned, operated, and managed by Defendant, and Plaintiff

and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

16. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant employed more than two (2) employees.

17. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's annual dollar volume of sales or business exceeded $500,000.

18. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

19. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

20. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

22. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

**GENERAL ALLEGATIONS**

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Correctional Officer at Defendant's county jail and at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

25. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

26. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

27. Plaintiff is still employed by Defendant.

28. On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's county jail.

29. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at locations that were owned, operated, and managed by Defendant.

30. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees often worked at or in excess of forty (40) hours per workweek.

31. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees often worked at or in excess of forty (40) hours per workweek.

32. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

34. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained an electronic recording system that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

35. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

36. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-

paid, non-exempt employees for all remuneration earned, including but not limited to, with monetary bonuses, shift differentials, incentives, awards, and/or other rewards and payments.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees provided services to federal inmates and detainees in Defendant's county jail pursuant to Defendant's contract(s) with the federal government.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of compensating said employees based on their daily scheduled shift start and end times, as opposed to when compensable work on a daily basis actually commenced and ceased, respectively.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of compensating said employees based on their daily scheduled shift start and end times, as opposed to compensating said employees on a daily basis for any and all pre-shift and post-shift hours worked and work performed, to the detriment of said employees and to the benefit of Defendant.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to compensate said employees with compensatory time (in lieu of overtime compensation) at a rate of not less than one and one-half hours for each hour of work for which overtime compensation was due and owing.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's written "Personnel Policies and Procedures" governed the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment with Defendant.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's written "Personnel Policies and Procedures" stated, in part: "…[A]ll employees working 12-hours shifts will be paid actual hours worked…"

44. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's written "Personnel Policies and Procedures" stated, in part: "…[A]ll employees working 12-hours shifts will be … required to take 104 hours of unpaid workback hours during the calendar year," and that the "…work back hours will not be considered overtime hours or paid hours."

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's normal or customary daily scheduled shift start and end times were from 6:00 a.m. to 6:00 p.m., respectively.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant normally or customarily scheduled Plaintiff for a twelve (12) hour daily shift.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant normally or customarily scheduled Plaintiff and all other hourly-paid, non-exempt employees working at Defendant's jail for twelve (12) hour daily shifts.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees working at Defendant's jail and

who Defendant scheduled for twelve (12) hour daily shifts were normally or customarily scheduled to work approximately eighty-four (84) hours in a bi-weekly period.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees working at Defendant's jail and who Defendant scheduled for twelve (12) hour daily shifts actually worked at least eighty-four (84) hours in a bi-weekly period.

50. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and as applicable to Plaintiff and all current and former hourly-paid, non-exempt employees who actually worked at least eighty-four (84) hours in a bi-weekly period, Defendant's compensation policy in practice was to simply pay said employees for eighty (80) hours' worth of work in a bi-weekly period, and fail to pay said employees for the additional four (4) hours worked – either at their regular hourly rate of pay, at an overtime rate of pay, and/or with compensatory time.

51. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees at Defendant's jail performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction immediately prior to their scheduled shift start times at the beginning of their shifts each workday.

52. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to arrive to work at Defendant's jail and to commence work immediately prior to their scheduled shift start times each workday, otherwise said employees faced discipline by Defendant.

53. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees at Defendant's jail performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction immediately after their scheduled shift end times at the end of their shifts each workday.

54. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees at Defendant's jail to perform work immediately after their scheduled shift end times each workday, otherwise said employees faced discipline by Defendant.

55. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant electronically recorded and monitored Plaintiff's and all other hourly-paid, non-exempt employees' entry and arrival times, departure and leave times, and general movements within Defendant's jail and throughout the workday at Defendant.

56. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff's normal or customary daily routine each workday was similar for him and all other hourly-paid, non-exempt employees – in that said employees typically and routinely arrived to work at Defendant's jail each workday, performed compensable work immediately prior to their scheduled shift start times, performed compensable work during the entirety of their scheduled shifts, and then performed compensable work immediately after the end of their scheduled shift end times at the direction, expectation, and/or knowledge of Defendant.

57. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees at Defendant's jail performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit,

and/or at Defendant's direction prior to the beginning of their twelve (12) hours scheduled shift, during the entirety of their twelve (12) hour shift, and after the end of their twelve (12) hours scheduled shift. However, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for any pre-shift and post-shift hours actually worked and/or work performed each workday and each workweek – instead compensating said employees based on only their scheduled shift start and end times each workday, to the benefit of Defendant and to the detriment of said employees, resulting in Defendant failing to compensate said employees at their regular hourly rate of pay, at an overtime rate of pay, and/or with compensatory time.

58. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek, in violation of the FLSA and the CWHSSA.

59. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees with compensatory time (in lieu of overtime compensation) at a rate of not less than one and one-half hours for each hour of work for which overtime compensation was due and owing, in violation of the FLSA.

60. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or

weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each workday.

61.     Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

62.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all pre-shift and post-shift compensable work performed as described herein, resulting in overtime violations of the FLSA and the CWHSSA.

63.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay, in violation of the FLSA and the CWHSSA.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA & CWHSSA**

64.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b), and the CWHSSA. The similarly situated employees include:

> All hourly-paid employees employed by Defendant in its Correctional, Communications, and Patrol divisions within the three (3) years immediately preceding the filing of the Complaint, (ECF No. 1), and who were assigned a twelve (12) hour work scheduled on any workday.

65. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

66. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

67. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, failed to compensate Plaintiff and the FLSA Collective with compensatory time (in lieu of overtime compensation) at a rate of not less than one and one-half hours for each hour of work for which overtime compensation was due and owing, which resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant in violation of the FLSA.

68. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, failed to compensate Plaintiff and the FLSA Collective for all pre-shift and post-shift hours worked and work performed on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction, which resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant in violation of the FLSA.

69. The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

70. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

71. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

72. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

73. Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

74. The FLSA Collective is readily ascertainable. For purposes of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facilities in areas where postings are normally made.

75. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Compensatory Time)**
<u>**(Plaintiff on behalf of himself and the FLSA Collective)**</u>

76.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

77.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

78.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

79.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

80.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

81.     Defendant violated the FLSA by failing to compensate Plaintiff and all other hourly-paid, non-exempt employees with compensatory time (in lieu of overtime compensation) at a rate of not less than one and one-half hours for each hour of work for which overtime compensation was due and owing, and by failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

82.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

83.     Defendant was and is subject to the overtime pay requirements of the FLSA, 29 U.S.C. § 203(d).

84.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

85.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

86.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**<u>(Plaintiff on behalf of himself and the FLSA Collective)</u>**

87.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

88.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

89.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

90.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

91.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

92.     Defendant violated the FLSA by failing to compensate Plaintiff and the FLSA Collective for all pre-shift and post-shift hours worked and work performed on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction, which resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant in violation of the FLSA.

93.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

94.     Defendant was (and is) subject to the overtime pay requirements of the FLSA, as defined in FLSA, 29 U.S.C. § 203(d).

95.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

96.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

97.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

98.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## THIRD CLAIM FOR RELIEF
### Violations of the CWHSSA – Unpaid Overtime Wages
### (Plaintiff on behalf of himself and all others similarly-situated)

99.     Plaintiff, on behalf of himself and all others similarly-situated, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

100.    At all times material herein, Defendant was subject to the terms, conditions, mandates, and provisions of the CWHSSA.

101.    At all times material herein, Defendant was a "contractor" or "subcontractor" under the CWHSSA, 40 U.S.C. §§ 3701(b)(2).

102.    At all times material herein, Plaintiff and other similarly-situated employees were entitled to the rights, protections, and benefits provided under the CWHSSA, 40 U.S.C. §§ 3701, *et seq.*

103.    At all times material herein, Plaintiff and other similarly-situated employees were considered "laborers" and/or "guards" as those terms are used in the CWHSSA, 40 U.S.C. §§ 3701, 3702, *et. seq*.

104.    At all times material herein, Defendant entered into contracts with the federal government – contracts whose value was in excess of $100,000 – for Plaintiff and other similarly-situated employees to provide services to federal inmates and detainees in Defendant's county jail, in accordance with the CWHSSA, 40 U.S.C. § 3701(b)(1)(B).

105.    At all times material herein, Plaintiff and other similarly-situated employees regularly worked in excess of forty (40) hours per workweek on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction.

106.    Defendant violated the CWHSSA, 40 U.S.C. § 3702, by failing to compensate Plaintiff and other similarly-situated employees with overtime compensation at rate of one and

one-half times the regular rate of for all hours worked over 40 hours per workweek, in violation of the CWHSSA.

107. As a result of Defendant's violations of the CWHSSA, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and other similarly-situated employees and, pursuant to 40 U.S.C. § 3703, successful plaintiffs are entitled to reimbursement of unpaid overtime wages and liquidated damages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and the CWHSSA and applicable regulations and as willful as defined in the FLSA and the CWHSSA;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and the CWHSSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and the CWHSSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 27th day of July, 2026

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi*** _____

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com